**METAL TRIMS, INC., Plaintiff-Appellee, v. STORM MASTER CORPORATION, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3588.    Decided March 24, 1954.

Max Braunstein, C. J. Hoyt, for plaintiff-appellee.
Sidney Rigelhaupt, for defendant-appellant.

## OPINION

Per CURIAM.

Plaintiff sued defendant in the court of common pleas to recover $1100.00, the amount alleged to be due upon an account for dies ordered by defendant from plaintiff and made for defendant to its specifications in accordance with an agreement entered into between the parties.

The amended petition of plaintiff alleged an action on an account. The defendant filed his general denial after admitting the corporate capacity of the parties, whereby the burden of proof was upon plaintiff to prove the allegations of the amended petition.

The evidence indicates that by the terms of an agreement entered into between plaintiff and defendant at the time such dies were ordered the defendant would not be required to pay for the same if it purchased from plaintiff 50,000 pounds of extrusions (aluminum) from each die, within a year after their completion; although defendant's answer contained no affirmative allegations of that kind.

The case came on for trial, and at the conclusion of plaintiff's opening statement defendant moved for a verdict to be directed in its favor on the ground there was a variance between the amended petition and the statement of counsel for plaintiff, it being claimed that plaintiff in such statement changed the character of the action from one upon an account to one for damages for breach of contract. The trial judge

overruled that motion. The opening statement of plaintiff did not change the character of the action from one on account to one for damages for breach of contract. The trial court was not in error in overruling such motion. The case proceeded to trial, the jury returned a verdict for plaintiff, upon which the trial judge entered judgment.

Defendant appealed to this court on questions of law from that judgment.

By assignments of error defendant urges that the trial court erred "in overruling the motion of appellant to direct a verdict for the appellant at the close of the opening statement of the appellee; at the close of the testimony of the appellee; at the close of all of the testimony"; erred "in the admission of testimony offered by the appellee to which admission the appellant duly objected"; erred "in its charge to the jury on the trial of said action"; and contends that "the verdict of the jury is against the manifest weight of the evidence," and "contrary to law"; that the court erred "in overruling the motion of appellant for a new trial"; and that there are "other errors apparent upon the face of the record."

There is no dispute in the evidence that defendant ordered and the plaintiff furnished defendant with ten dies at the price of $110.00 each. Nor is there any dispute in the evidence that defendant did not have to pay for the dies if it ordered extrusions from each die in an amount agreed upon.

The only dispute is whether it was 50,000 pounds or 30,000 pounds the defendant was to order from each die. There is no dispute as to the amount defendant was to pay for the dies, to-wit $1100.00, if it failed to order the amount of extrusions agreed upon.

In our judgment the action was one upon an account conditioned that the defendant would not have to pay for the dies if within one year defendant ordered 50,000 pounds or 30,000 pounds of extrusions. It is immaterial which quantity was agreed upon, since the evidence clearly shows that only a much lesser quantity than 30,000 pounds was actually delivered by plaintiff to defendant.

The issue between the parties to this lawsuit was, as stated by the trial court, a very simple one. On the one hand, the plaintiff claimed that the defendant had not ordered the amount of extrusions agreed upon as the condition excusing defendant from paying for the dies. On the other hand, the defendant claimed and offered testimony that it did order the amount of extrusions agreed upon and that the plaintiff failed and refused to deliver the same. Thereby the only question for the jury from the evidence was to determine which claim the jury would believe, the evidence being in conflict upon that single disputed question of fact.

In his general charge to the jury the trial judge said: "When the stories of two witnesses are different, you have got to believe somebody."

Defendant claims this was an erroneous charge which misled and confused the jury to its prejudice, and conflicted with the later charge of the trial judge as follows:—

"You can believe all a witness says or you can disbelieve it all or

believe it in part only, that is your function to determine the questions of fact."

Read in connection with the entire charge we do not find that the jury was misled, nor that the court committed prejudicial error in telling the jury it had to believe somebody. We have carefully read the charge of the court to the jury and find no prejudicial error resulting therefrom.

We have also considered all of the other errors assigned by appellant, and find none so prejudicially erroneous as to require a reversal of the judgment in this case.

As stated above, this action was one upon an account, and the fact that the parties agreed that the defendant was not to pay for the dies under certain conditions did not change the nature of the action from one upon account to one for damages for breach of contract.

It appearing that substantial justice has been done in the common pleas court the judgment of that court must be and is affirmed. Judgment affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.